PEOPLE, *for use of* McDONELL, *v.* FIDELITY & DEPOSIT CO. OF MARYLAND.

1. APPEAL AND ERROR—TRIAL—CONTRACTS—ISSUES FOR JURY PROPERLY PRESENTED.

Where, in an action on the *quantum meruit* for excavating and backfilling, the amount was in dispute, the issues, which were for the jury, were properly presented, and the evidence warranted the verdict, the judgment is affirmed.

2. EVIDENCE—PRELIMINARY CONTRACT PROPERLY EXCLUDED.

Exclusion of evidence of a preliminary agreement between the parties was not error, where, in addition to the fact that it was merged in the final contract, it had no bearing upon the issue.

Error to Bay; Houghton (Samuel G.), J.    Submitted October 14, 1927.    (Docket No. 137.)    Resubmitted March 27, 1928.    Decided April 3, 1928.

Assumpsit by the people of the State of Michigan for the use of Sylvester J. McDonell and Ernest McDonell, copartners as McDonell Brothers, against

[1]Appeal and Error, 4 C. J. § 2834; [2]Work and Labor, 40 Cyc. p. 2849.

the Fidelity & Deposit Company of Maryland, surety, and Jacob L. Sparling, doing business as J. L. Sparling Company, principal, on a statutory bond.    Judgment for plaintiffs.    Defendants bring error.    Affirmed.

*Lewis J. Weadock,* for appellants.

*George W. Cook,* for appellees.

FEAD, C. J.    The general facts of this case are reported in *People, for use of McDonell,* v. *Fidelity & Deposit Co.,* 232 Mich. 238, where the law of the controversy was settled.    The plaintiffs amended their declaration to count upon the *quantum meruit,* trial was had upon that theory, and the jury returned a verdict for plaintiffs against both defendants in the sum of $10,517.12.    This verdict was made up of three items, (*a*) excavation within the pay lines, (*b*), excavation without the pay lines, and (*c*), back fill.    The issue here is on the amount of the verdict.

Defendants contend that the verdict is excessive in the amount allowed for excavation within the pay lines and is against the overwhelming weight of the evidence.    Plaintiff Sylvester McDonell testified that the total of the contract excavation within the pay lines was 39,088 cubic yards.    In this, he was supported by his engineer, Taylor, a registered civil engineer practicing since 1915.    Defendants' witness Linders, designing engineer for Frazier-Ellms-Sheal Company, the engineers for the city, estimated it at 35,461 yards. Sparling's own engineer, Bissell, said it was 35,264 yards.    The final report of the Frazier-Ellms-Sheal Company, on completion of the work, was 36,385 yards.    Bissell said 2,860 yards were unfinished by plaintiffs.    Plaintiff Sylvester McDonell estimated the unfinished portion at 1,214 yards.    The qualifications and estimates of these parties were the subjects of

extended examination and vigorous cross-examination. The conflict was for the jury to resolve.

The work beyond the pay lines consisted of sloping the banks. It was undisputed that, unless the banks were sloped, the limits of the excavation would need to be shored and that sloping was more economical than shoring. Plaintiff Ernest McDonell testified that he had a conversation with defendant Sparling in which the latter approved the sloping and said he would pay for it. There was also testimony that Sparling and his engineer frequently saw the work during its progress. Sparling denied the conversation and he and his witnesses claimed that there was no necessity for sloping as the defendants shored the banks. The plaintiffs denied that the banks were shored except in a few places. The whole situation was in conflict and presented questions of fact for the jury.

The amount of the back fill done by plaintiffs rested principally in a dispute between Sylvester McDonell and Engineer Bissell. The issue was for the jury.

Defendants complain because the court excluded evidence of a preliminary agreement between the parties made twelve days before the final contract was executed. Aside from the fact that the agreement was not competent evidence because it was merged in the final contract, it was not error to exclude it as it had no bearing upon the issue.

After the final estimate of the excavation work was introduced in evidence, the plaintiffs were permitted to inquire into and cause the production of prior estimates made by Frazier, engineer for the city during progress of the job. In his charge, the court explicitly instructed the jury that the prior estimates were not to be taken as substantive proof of the amount of the excavation, set out their preliminary and tentative character, and restricted their consideration by the jury to the credibility of the witness Frazier and

the accuracy of his final estimate.    There was no error in this.

Defendants casually present several other claims of error, in the way of rulings on the testimony and alleged prejudicial conduct of counsel but they present no reversible error.    The court, in an extended and definite charge, clearly presented the issues.    The amount of recovery demonstrates that the jury did not accept in full claims made by plaintiffs and the evidence fully warranted the verdict.

The judgment will stand affirmed.

NORTH, FELLOWS, WIEST, CLARK, MCDONALD, POTTER, and SHARPE, JJ., concurred.